**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RODNEY FREEMAN,**

                        **Plaintiff,**

              v.                                  **9:09-CV-414**
                                                                   **(FJS/DRH)**

**LT. SANTOS, Oneida Correctional Facility;**
**JOHN DOE #1, Correction Officer, Oneida**
**Correctional Facility; JOHN DOE #2, Correction**
**Sergeant, Oneida Correctional Facility;**
**JOHN DOE #3, Correction Officer, Oneida**
**Correctional Facility; and JOHN DOE #4,**
**Correction Officer, Oneida Correctional**
**Facility,**

                        **Defendants.**

---

**APPEARANCES**                                   **OF COUNSEL**

**RODNEY FREEMAN**
**05-R-1346**
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **DOUGLAS J. GOGLIA, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant Santos

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      Plaintiff commenced this action against Defendant Santos and four John Doe Defendants,

pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the Eighth Amendment to the United States Constitution. *See, generally,* Dkt. No. 1. In response to Plaintiff's complaint, Defendant Santos moved to dismiss on the ground that Plaintiff's complaint failed to state a claim upon which this Court might grant relief. *See* Dkt. No. 6. Plaintiff opposed the motion and filed a cross-motion concerning the accuracy of hearing transcripts that Defendant Santos had attached to his motion papers. *See* Dkt. No. 13.

In a Report-Recommendation and Order dated February 23, 2010, Magistrate Judge Homer recommended that this Court deny Defendant Santos' motion to dismiss. *See* Dkt. No. 15 at 9.[1] Currently before the Court are Defendant Santos' objections to Magistrate Judge Homer's recommendation.

## II. DISCUSSION

**A.    Standards of review**

In reviewing a magistrate judge's report-recommendation, the district court may decide to accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects. *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No.

---

[1] Magistrate Judge Homer also denied without prejudice Plaintiff's cross-motion for a hearing concerning the accuracy of the hearings transcripts, finding that the cross-motion was premature because Magistrate Judge Homer had not considered the transcript in reaching his conclusion regarding Defendant Santos' motion to dismiss. *See* Report-Recommendation and Order dated February 23, 2010, at 2 n.2, 4 n.6, 9.

3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))).  Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error.  *See Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Id.* at 1949 (quoting [*Twombly*, 550 U.S.], at 570, 127 S. Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing [*Twombly*, 550 U.S.], at 556, 127 S. Ct. 1955).

Furthermore, the Court stated that there are "[t]wo working principles [that] underlie [its] decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . [and] [s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . ."  *Id.* at 1949-50 (internal citations omitted).  The Court also stated that

> [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2).

*Id.* at 1950 (internal quotation and citations omitted).

Therefore, the Court instructed that, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Finally, when a party seeks to dismiss a *pro se* litigant's complaint, a court must afford the non-movant special solicitude. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (noting that the court must liberally construe a *pro se* litigant's submissions and must read those submissions "to raise the strongest arguments that they 'suggest'").

**B.   Defendant Santos' personal involvement in the alleged constitutional violations**

Magistrate Judge Homer correctly noted that Plaintiff could not hold Defendant Santos liable for the alleged constitutional violations "solely because [Santos] held a supervisory position at Oneida." *See* Report-Recommendation and Order dated February 23, 2010, at 7. However, after reviewing Plaintiff's complaint, Magistrate Judge Homer found that Plaintiff had "asserted more than liability based on a supervisory role. [Plaintiff] contends that Santos personally orchestrated the assault by conversing with John Doe defendants and ordering them to teach [Plaintiff] a lesson." *See id.* Magistrate Judge Homer concluded that "[t]his allegation is more than a mere conclusion and is supported by facial plausibility as [Plaintiff] saw Santos speaking to John Doe defendants while simultaneously gesturing to [Plaintiff], John Does 1 and 2 identifying [Plaintiff] as the 'tough guy' after speaking with Santos and arriving to transport him, and John Doe 4 indicating that the assault occurred because John Doe defendants were charged by Santos to teach [Plaintiff] a lesson." *See id.* (citing Compl. ¶¶ 14yup, 15, 34). Furthermore, Magistrate Judge Homer stated that "[o]rdering subordinates to perform an

unconstitutional assault constitutes direct participation in a constitutional violation." *See id.* (citing *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (explaining that when evaluating personal involvement of a defendant, direct participation "does not foreclose the liability of a person who, with knowledge of the illegality, participates in bringing about a violation of the victim's rights but does so in a manner that might be said to be "indirect" – such as ordering . . . others to do the unlawful acts . . . .")). Therefore, he recommended that the Court deny Defendant Santos' motion to dismiss Plaintiff's complaint. *See id.*

Defendant Santos objects to Magistrate Judge Homer's recommendation, asserting that he "fail[ed] to account for the plainly conclusory nature of Plaintiff's allegations." *See* Dkt. No. 16 at 2. The gist of Defendant Santos' argument appears to be that, because Plaintiff did not allege that he actually heard Defendant Santos speaking to the John Doe Defendants and absent any indication in the complaint that Plaintiff had any other basis to believe that Defendant Santos was ordering the John Doe Defendants to assault Plaintiff, his allegations are "entirely speculative and conclusory . . . [and] do not come close to asserting a plausible claim against" him. *See id.* (citation omitted).

After reviewing Plaintiff's complaint, the Court rejects Defendant Santos' objections. The fact that Plaintiff did not actually hear what Defendant Santos was saying to the John Doe Defendants does not make his claim implausible. As Magistrate Judge Homer correctly noted, when Plaintiff's allegation that he saw Defendant Santos talking to the John Doe Defendants is coupled with his other allegations that Defendants John Doe #1 and John Doe #2 referred to him as the "tough guy" after speaking with Defendant Santos and that Defendant John Doe #4 indicated that the assault occurred because Defendant Santos ordered the John Doe Defendants to

teach Plaintiff a lesson, there is sufficient factual allegations in the complaint to state a plausible claim that Defendant Santos was personally involved in the alleged violation of Plaintiff's constitutional rights.  Therefore, the Court adopts Magistrate Judge Homer's recommendation and denies Defendant Santos' motion to dismiss the claims against him on this ground.

### C.     Plaintiff's conspiracy claim

Magistrate Judge Homer concluded that Plaintiff's allegations were sufficient, at this juncture of the proceedings, to demonstrate that Defendant Santos and the John Doe Defendants had engaged in a conspiracy to violate Plaintiff's constitutional rights.  *See* Report-Recommendation and Order at 8-9.

Defendant Santos objects to Magistrate Judge Homer's conclusion, arguing that "Plaintiffs [sic] allegation of a conspiracy is premised entirely upon vagaries and conjecture." *See* Dkt. No. 16 at 3.

After reviewing Plaintiff's complaint, the Court finds that it is a close call as to whether his allegations, taken as true, are sufficient to state a plausible conspiracy claim.  However, even assuming that they are, the Court must, nonetheless, dismiss this claim based on the intracorporate conspiracy doctrine.  Under this doctrine, "'officers, agents and employees of a single corporate entity are legally incapable of conspiring together.'"  *Perrin v. Canandaigua City Sch. Dist.*, No. 08-CV-6153, 2008 WL 5054241, *2 (W.D.N.Y. Nov. 21, 2008) (quoting *Harline v. Gallo*, No. 03 Civ. 1974, 2006 WL 2850609, at *9 (E.D.N.Y. Sept. 30, 2006), *aff'd in pertinent part for reasons stated by district court, vacated on other grounds in part*, 546 F.3d 95, 2008 WL 4489846, at *2 n.3 (2d Cir. 2008)); *Orafan v. Goord*, 411 F. Supp. 2d 153, 164-65

(N.D.N.Y. 2006) (holding that the conspiracy claim failed because the alleged co-conspirators were all DOCS officials and employees acting within the scope of their employment (internal citation omitted), *vacated and remanded on other grounds sub nom. Orafan v. Rashid*, 249 Fed. Appx. 217, 2007 WL 2875968 (2d Cir. 2007).  Furthermore, "although '[a]n exception to the intracorporate conspiracy doctrine applies to individuals within a single entity when they are pursuing personal interests wholly separate and apart from the entity,' *Quinn v. Nassau County Police Dep't*, 53 F. Supp. 2d 347, 360 (E.D.N.Y. 1999), a complaint that does not set forth factual allegations showing that any of the individual defendants acted with independent motives is subject to dismissal for failure to state a claim." *Perrin*, 2008 WL 5054241, at *2 (citations omitted).  "To allege facts plausibly suggesting that defendants were pursuing personal interests, more is required than merely alleging defendants were motivated by personal bias." *Brown v. Eagen*, No. 9:08-CV-0009, 2009 WL 815724, *13 (N.D.N.Y. Mar. 26, 2009) (citing *Peters v. City of New York*, 04-CV-9333, 2005 WL 387141, at *3 (S.D.N.Y. Feb. 16, 2005) ("[P]ersonal bias is not the sort of individual interest that takes a defendant out of intraenterprise conspiracy doctrine") (internal quotation marks and citation omitted); *Johnson v. City of New York*, 01-CV-1860, 2004 WL 502929, at *5 (E.D.N.Y. Jan. 12, 2004)).

After carefully reviewing Plaintiff's complaint and reading his allegations "to raise the strongest arguments that they 'suggest,'" *Triestman*, 470 F.3d at 477, the Court concludes that Plaintiff has not alleged any facts indicating that Defendant Santos – or any of the John Doe Defendants – acted in pursuit of some purely personal interests.  Therefore, the Court grants Defendant Santos' motion to dismiss with respect to Plaintiff's conspiracy claim.

### III. CONCLUSION

After carefully reviewing the entire file in this matter, including Magistrate Judge Homer's Report-Recommendation and Order dated February 23, 2010, Defendant Santos' objections thereto, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Homer's February 23, 2010 Report-Recommendation and Order is **ADOPTED IN PART AND REJECTED IN PART**; and the Court further

**ORDERS** that Defendant Santos' motion to dismiss is **DENIED** with respect to Plaintiff's claim that Defendant Santos was personally involved in the alleged violations of his constitutional rights; and the Court further

**ORDERS** that Defendant Santos' motion to dismiss is **GRANTED** with respect to Plaintiff's claim that Defendant Santos conspired to violate his constitutional rights; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Homer for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: March 14, 2010
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge